(No. 30847.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* AL COHEN, Plaintiff in Error.

*Opinion filed March 24, 1949.*

AL COHEN, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, W. S. MIROSLAWSKI, ARTHUR F. MANNING, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Al Cohen, hereinafter called the defendant, was indicted in the criminal court of Cook County for the crime of armed robbery. He entered a plea of not guilty, was tried before a jury, and at the close of all the evidence was found guilty as charged in the indictment. Motions for a new trial and in arrest of judgment having been overruled, judgment was entered on the verdict and defendant was sentenced to the penitentiary for a term of not less than three nor more than eight years.

Defendant contends the court erred in overruling his motion for substitution of counsel and in denying his motion for a change of venue. The record discloses that on February 18, 1947, defendant entered his plea of not guilty and the cause was continued to February 21, 1947. On that date the cause was further continued to March 7, 1947, on which date the court of its own motion appointed the public defender as counsel and continued the cause to April 24, 1947. Before the cause was called for trial the court permitted the public defender to withdraw as counsel and appointed attorney Drennan J. Slater. On April 11, 1947, the court vacated the order appointing Slater and appointed Robert J. Rafferty as counsel. On April 18, 1947, the cause was again continued until May 14, 1947, on which date the defendant appeared with one Jefferson Schultze, an attorney, and a motion was presented that he be substituted as counsel for the defendant. This motion was overruled and thereupon a motion for change of venue from the judge was made, this motion being accom-

panied by affidavits of defendant and Schultze. It was alleged in the motion, which was overruled, that the trial judge was so prejudiced against the defendant that he could not receive a fair and impartial trial. It was after this motion was overruled and the cause proceeded to trial that the defendant was convicted and sentenced, the jury finding the age of the defendant to be 18 years.

It is not contended that defendant was not represented by counsel and there is no showing of any specific objection to the counsel appointed, but defendant seriously contends that even though he was represented by appointed counsel, the court erred in denying his motion for the substitution of attorney Schultze, who he claims was selected and retained by him. The People contend that as the court overruled the motion for substitution, and there being no objection or exception thereto made and no bill of exceptions filed, the motion for appointment of counsel did not become a part of the record by inclusion therein by the clerk and by the clerk's certificate, because the motion for appointment of counsel and objections and exceptions to the ruling thereon must be a part of the bill of exceptions. (*People* v. *Lehner,* 326 Ill. 216.) In the *Lehner case* a motion accompanied by an affidavit was made for the appointment of special counsel to assist the State's Attorney. No constitutional question was raised and no question of a defendant's right to counsel of his own choice. The crucial question in the instant case is, whether, after the court has appointed counsel of its own motion, a defendant may reject that counsel and substitute his own. We do not find the cases of *People* v. *Witt,* 394 Ill. 405, and *People* v. *Montville,* 393 Ill. 590, cited by the People, much assistance in determining the question here. In these cases the question was presented whether it was error to appoint counsel when such appointment was not requested or objected to. The record here discloses that the public defender was appointed to defend on the court's own motion

and after his withdrawal two other attorneys successively were appointed to defend the defendant. The record does not disclose that the above attorneys were requested by the defendant, nor does it appear that inquiry was made by the court as to whether defendant was able to, or desired to, employ his own counsel. On the particular day of the trial the defendant appeared with attorney Jefferson Schultze, who presented a motion to be substituted as counsel for the defendant. Thus it appears for the first time that defendant desired to assert his right to choose his own counsel.

Section 9 of article II of the constitution of Illinois, provides, in part, "In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel, * * *." Section 2 of division XIII of the Criminal Code (Ill. Rev. Stat. 1947, chap. 38, par. 730,) provides, in part, "Every person charged with crime shall be allowed counsel, and when he shall state upon oath that he is unable to procure counsel, the court shall assign him competent counsel, who shall conduct his defense." Under these provisions of the constitution and statute the defendant had an absolute right to be represented by counsel. That the right so conferred includes the right to employ counsel of his own choice does not admit of argument. (*People* v. *Shiffman,* 350 Ill. 243; *Powell* v. *State of Alabama,* 287 U. S. 45, 53 S. Ct. 55.) And where it does not appear that defendant requests the assistance of appointed counsel in the manner provided by the statute, no duty devolves upon the court to so appoint in a noncapital case. (*People* v. *Hawley,* 399 Ill. 300.) And while it is not necessarily error for a court to appoint counsel to defend in the absence of such request, (*People* v. *Witt,* 394 Ill. 405,) and at times is mandatory to protect constitutional rights, such voluntary appointment cannot operate to deprive a defendant of his right to choose other counsel to defend him when such right is asserted, as in this case, by

motion to substitute employed counsel for that gratuitously appointed.

We observe in the instant case the jury found defendant's age to be 18 years and that he entered a plea of not guilty; that thereafter of its own motion the court appointed the public defender; that nothing appears showing that defendant stated on oath that he was unable to procure counsel, nor that inquiry was made as to that question. Section 4 of the Public Defender's Act, (Ill. Rev. Stat. 1947, chap. 34, par. 163f,) provides, "The Public Defender, as directed by the court, shall act as attorney and counsellor-at-law, without fee, before any court of record, exercising a general criminal jurisdiction within the county, for all persons who are held in custody or who are charged with the commission of any criminal offense, and who the court finds are unable to employ counsel. Provided however, the Court may, with the consent of the defendant, appoint counsel, other than the public defender, and shall so appoint if the defendant shall so demand, * * *."

In the instant case the record shows the public defender was appointed and was allowed to withdraw, but does not show such withdrawal was requested or consented to by the defendant. The same might be said as to the appointment later of other counsel. It is true the motion to substitute Schultze for the appointed counsel was overruled without objection so far as the record discloses, but this is understandable in view of the fact that the matter was not urged by the appointed counsel and Schultze was never able to appear of record.

Since the record here fails to disclose satisfactory compliance with the statute pertaining to the appointment of the public defender in criminal offenses and to the undisputed right of the defendant to have counsel of his own choosing when properly requested, we are of the opinion that, under the particular circumstances of this case, the court erred in denying the motion requesting substitution

of counsel. It is unnecessary to discuss defendant's contention that the court erred in denying his motion for a change of venue as the same will not likely arise on another trial.

For the reasons pointed out, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*