(No. 35580

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH MUSINSKI, Plaintiff in Error.

*Opinion filed September 22, 1961.*

WILLIAM J. McGAH, JR., of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER, and LEO F. POCH, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant Joseph Musinski was indicted in the criminal court of Cook County on a charge of burglary. He pleaded not guilty, was tried by the court without a jury, and upon a finding of guilty, was sentenced to a term of one to eight years in the penitentiary. The case is before us on writ of error.

The defendant seeks reversal on the grounds that he was compelled to proceed to trial represented by the public defender, who was not counsel of his own choosing, and that the trial judge improperly heard evidence of the defendant's record of previous convictions before finding him guilty.

The People contend that the defendant acquiesced in the selection of counsel, and that the defendant himself introduced in evidence the matter of his record, and hence may not claim error.

It appears that upon arraignment on February 3, 1959, the assignment judge asked the defendant if he wanted the public defender as attorney, and the defendant replied in the affirmative. The court then appointed the public defender on the court's own motion. On February 19, 1959, the defendant appeared for trial and stated to the court: "Your Honor, I'd appreciate it very much if you would assign me to a Bar Association Lawyer. I have no faith in my public defender." The court denied the request for appointment of new counsel; the defendant waived a jury and the case proceeded to trial.

At the conclusion of the trial, and prior to a finding by the court, the defendant asked permission to address the court, and then recited instances of prior confinement and stated that he had tried to do right since he came out of the penitentiary. The court asked the defendant how long he had been in the penitentiary, and the defendant replied, "Two to five."

While seeking a reversal for the refusal of the court

to appoint new counsel on the day of trial, the defendant does not attack the sufficiency of the evidence, or the competence of the public defender.

The record shows that the court appointed the public defender on its own motion, and the defendant acquiesced in that appointment until the day of trial. At no time did he seek to substitute employed counsel of his own choosing as was done in *People* v. *Cohen,* 402 Ill. 574. The defendant in this case accepted counsel appointed by the court, and then on the day of trial requested new court-appointed counsel because of some alleged difference over the tactics of defense. Neither the constitution nor statutes give the defendant the legal right to demand the court appoint new counsel whenever defendant conceives some disagreement with counsel's "tactics." To hold otherwise would enable a defendant to indefinitely thwart the administration of justice.

It should be noted that defendant raises no issue of due process in the failure to appoint other counsel on the day of trial. We have examined the entire record and find that the public defender actively and competently represented defendant throughout the trial. We, therefore, hold that the trial court did not err in failing to appoint new counsel.

We also find no ground for reversal in the voluntary statement of defendant relating to prior offenses after the close of all the evidence. While some of the facts stated by defendant would have been inadmissible if offered by the People, it is axiomatic that defendant cannot complain of error he himself has induced. *People* v. *Clements,* 316 Ill. 282.

We have concluded from the entire record that defendant has received a fair trial and was represented by competent counsel, and that the record is free of error. The judgment of the criminal court of Cook County is accordingly affirmed.

*Judgment affirmed.*