(No. 38210.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RICHARD MITCHELL, Plaintiff in Error.

*Opinion filed January 25, 1966.*

JOHN W. CASTLE, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and E. JAMES GILDEA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The defendant, Richard Mitchell, was convicted, along with Philip Robinson, of rape and robbery in a bench trial in the circuit court of Cook County. Each defendant was sentenced to the penitentiary for a term of 5 to 25 years on each conviction, the sentences to run concurrently. Robinson appealed separately, (*People* v. *Robinson, ante* p. 391) and we affirmed his conviction. Mitchell's case is before us on a writ of error.

The defendant first contends that he was denied the right to counsel of his choice. He was indicted on May 15, 1962, for rape and robbery, and was arraigned and pleaded not guilty on May 21, 1962. At the arraignment the court learned that the defendant was not represented by counsel, and the public defender was appointed to represent him. The defendant neither requested nor objected to the appointment of the public defender and, by his silence, he acquiesced in the appointment. It is an established rule that

it is not error for a court, on its own motion, to appoint the public defender for one charged with a crime unless it is done over his objection and some exception is taken to the court's action at the time. *People* v. *Solomon,* 24 Ill.2d 586.

The defendant appeared in court on June 13, 1962, signed a jury waiver, and again made no objection to the appointment. No objection was made until July 13, 1963, the day of the trial, at which time he requested that a "bar lawyer" be appointed to represent him. The court refused this request saying that it came too late and was merely a dilatory act. At no time did the defendant seek to substitute employed counsel of his own choosing as was done in *People* v. *Cohen,* 402 Ill. 574. Rather, he merely requested a "bar lawyer" to represent him. An indigent defendant should not be allowed to accept the court appointed public defender without objection at arraignment and then arbitrarily on the day of trial demand that another court-appointed attorney undertake his defense. (*People* v. *Musinski,* 22 Ill.2d 518.) While an accused in a criminal case has the constitutional right to be represented by counsel of his choice, such right may not be employed as a weapon to thwart the administration of justice. (*People* v. *Solomon,* 24 Ill.2d 586; *People* v. *Musinski,* 22 Ill.2d 518.) Defendant's extensive reliance upon the *Cohen* case is not justified since *Cohen* involved the question of a defendant's right to substitute employed counsel of his own choice, while here defendant never sought to substitute employed counsel of his own choosing even though almost two months elapsed from the arraignment to the trial date.

The defendant next contends that he was denied his right to effective representation by counsel. He argues that three assistant public defenders appeared at various stages in the proceedings and that no one was directly responsible for his defense from arraignment to trial.

The court appointed the public defender of Cook County to represent the defendant. The responsibility of Mitchell's

defense rested with him. The fact that some of the duties and responsibilities are delegated to assistants does not absolve the public defender from primary responsibility. Nor does the fact that more than one assistant appeared in the case necessarily indicate ineffective representation. There is no showing of prejudice to the defendant here, and we cannot say that he was denied effective representation by counsel.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*