457 P.2d 985

STATE of New Mexico, Plaintiff-Appellee,

v.

Bobbie Gene GARCIA, Defendant-Appellant.

No. 8742.

Supreme Court of New Mexico.

Aug. 4, 1969.

Emmett C. Hart, Stanley F. Frost, Tucumcari, for appellant.

James A. Maloney, Atty. Gen., Ray H. Shollenbarger, Asst. Atty. Gen., Sante Fe, for appellee.

OPINION

TACKETT, Justice.

The defendant was charged with and convicted of murder in the first degree in the District Court of Quay County, New Mexico, and upon the failure of the jury to recommend a life sentence, was sentenced to be executed. Thus this appeal.

Appellant alleges six points for reversal, as follows:

"1. PROSPECTIVE JURORS WERE UNCONSTITIONALLY DISMISSED BECAUSE THEY EXPRESSED GENERAL OBJECTIONS TO THE DEATH PENALTY ON CONSCIENTIOUS AND RELIGIOUS GROUNDS.

"2. IMPROPER QUESTIONING BY THE DISTRICT ATTORNEY UPON CROSS EXAMINATION OF THE APPELLANT BROUGHT ABOUT STATEMENTS WHICH CREATED PREJUDICE IN THE MINDS OF THE JURY AGAINST THE APPELLANT WHICH RESULTED IN A VERDICT INFLUENCED BY FACTORS OTHER THAN RELEVANT FACTS INTRODUCED AT THE TRIAL.

"3. 40A–29–2, N.M.S.A., 1953, IS UNCONSTITUTIONAL INSOFAR AS IT PROVIDES FOR THE DEATH PENALTY IN THAT IT IMPOSES AN IMPERMISSIBLE BURDEN UPON THE ACCUSED EXERCISING HIS RIGHT TO TRIAL BY JURY.

"4. 40A–29–2, N.M.S.A., 1953, GIVES TO THE JURY IN A CAPITAL CASE UNGUIDED, ABSOLUTE DISCRETION TO MAKE AN ARBITRARY DECISION AS TO WHETHER THE DEATH PENALTY IS TO BE IMPOSED

AND VIOLATES THE DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE FOURTEENTH AMENDMENT.

"5. THE STATUTE IMPOSING THE DEATH PENALTY AND DEATH SENTENCE IMPOSED THEREUNDER ARE UNCONSTITUTIONAL.

"6. THE RECORD IN THIS CASE SHOWS THAT THE DEFENDANT WAS NOT CAPABLE OF ASSISTING HIS COUNSEL IN PREPARING FOR A DEFENSE OR CONDUCTING THE TRIAL."

Points 1, 3, 4 and 5 are attacks on the death penalty.

Chapter 128, N.M.S.L., 1969 at 415, which became effective June 20, 1969, abolishes the death penalty for murder, except under particular circumstances not applicable here.

Points 1 and 5 are controlled by what we said in State v. Pace, 80 N.M. 364, 456 P.2d 197 (1969), as we there considered and disposed of these very same issues. What we said in the Pace case renders points 3 and 4 moot.

It is contended under point 2 that the cross-examination of appellant by the district attorney was improper.

We are reluctant to set forth testimony in an opinion; however, it becomes necessary in this case:

"Q. And you would do it again, Bobby.

"A. Would I?

"THE COURT: Just a minute, Mr. Breen. Just a moment, both of you. When the Court is trying to run this Court according to rules and proper decorum, both of you stop.

"MR. BREEN: I'm sorry, your Honor.

"THE COURT: Let's get down—

"THE DEFENDANT: If you think I regretted —

"THE COURT: Just a moment.

"MR. BREEN: Just a minute.

"THE COURT: Just wait for the question and answer it. Go ahead, Mr. Breen.

"Q. Did you shoot at Annie?

"A. No, sir, I did not shoot at Annie, I pointed the gun at her, but I did not shoot at her. I stake my life on that, which I am doing right now, and you wanted me to be truthful about it so I will be truthful about it, no matter what the out turn is.

"THE COURT: Just a minute.

"THE DEFENDANT: Your Honor, this is my trial.

"THE COURT: Wait just a moment. You can hurt yourself more.

"THE DEFENDANT: I know I can hurt —

"THE COURT: Just a moment. We are going to run it according to the rules. Wait for the question and answer the question as put to you and your lawyers can ask you what they think.

"MR. BREEN: That's all, your honor.

"THE COURT: Any re-direct?

"MR. ARMIJO: Sir?

"THE COURT: He is through. Any re-direct?

"THE DEFENDANT: And I have no remorse whatsoever.

"MR. ARMIJO: No further questions.

"THE COURT: Next witness.

"THE DEFENDANT: And I will do it again if I have the same circumstances.

"THE COURT: Just a moment. Next witness.

"THE DEFENDANT: That's exactly what you wanted to hear, Mr. Breen, so that's exactly what you heard.

"THE COURT: Just a moment.

"THE DEFENDANT: Nobody meddles in my business, nobody."

In view of the above testimony, by no stretch of the imagination could we say there was improper questioning by the district attorney. Rather, such were voluntary statements made by appellant after he had been repeatedly stopped by the court, all to no avail, and also after he had been dismissed as a witness. As a matter of fact, the record reveals that both the trial court and the district attorney admonished appellant not to volunteer statements, but he continued to do so. The voluntary statements of appellant furnish no basis for reversal. A party cannot complain of prejudice possibly resulting from a situation which he created by his own remarks during the course of the trial. People v. Musinski, 22 Ill.2d 518, 177 N.E.2d 142 (1961). Compare, State v. Wilcoxson, 51 N.M. 501, 188 P.2d 611 (1948); State v. Edwards, 54 N.M. 189, 217 P.2d 854 (1950).

Under point 6, it is contended that appellant was not capable of assisting counsel in his defense. This issue was raised in the progress of the trial. The trial judge suspended proceedings to allow a psychiatrist to examine appellant. The examination was agreed to by both the State and the defense. After the examination, Dr. Jacobson, a psychiatrist, testified that appellant was competent to intelligently assist in his defense. The trial court followed the procedure as set forth in § 41–13–3.1, N.M.S.A., 1953 Comp.

. In State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966), this court said:

"* * * 'The burden of proof, when present insanity is alleged as a ground for preventing trial, sentence, or execution, is generally said to be upon the defendant, to prove by a preponderance of evidence that he is too unsound mentally to be tried, sentenced, or executed, as the case may be.' * * *"

It is our considered view that appellant did not carry the necessary burden of proof in the instant case.

We hold against appellant on points 2 and 6.

Finding no error, the decision is affirmed.

Nevertheless, since the execution could not be carried out before the effective date of Ch. 128, supra, the case is remanded to the district court so that appellant may be resentenced thereunder.

It is so ordered.

MOISE and COMPTON, JJ., WALDO SPIESS, C. J., Ct.App., JAMES W: MUSGROVE, D. J., concur.