THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARSHALL T. COLEMAN, Defendant-Appellant.

(No. 56935;

First District—December 29, 1972.

Katz, Hirsch & Wise, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, Robin K. Auld, and Peter Costa, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Defendant Marshall T. Coleman was indicted on a charge of armed robbery pursuant to Ill. Rev. Stat. 1969, ch. 38, sec. 18—2. A jury found defendant guilty and the court sentenced him to a term of three to five years. Defendant now appeals contending: (1) that the trial court erred by allowing testimony of other crimes to be presented at trial, and (2) that he was not represented by counsel of his own choice.

The following facts are relevant to defendant's first contention. During defense counsel's cross-examination of the investigating police officer the following colloquy occurred:

"Q. You read this report [of the Gang Intelligence division regarding the circumstances of the impounding of defendant's automobile]?

A. Yes.

Q. What did it say?

A. That they were looking for one Marshall T. Coleman and for conspiracy, and I believe it was a battery.

They had information that he is, he worked for the Chicago Park District. They went to this address and there they seen  *  *  *."

Later, the prosecutor asked the same witness the following question on re-direct examination.

"MR. SCHREIER: I do have another question with respect to the November 23rd occasion, when Mr. Coleman was arrested and his car impounded, you mentioned that the police were looking for him for conspiracy, battery, is that correct?

THE WITNESS: Yes."

Defense counsel objected to this question on grounds of hearsay but was overruled by the court which said that such evidence had been brought out by the defense. The prosecutor then asked:

"MR. SCHREIER: To refresh your collection, was there also an intimidation charge?

A. Intimidation."

Defense counsel also objected to this question but stated no grounds. The court overruled the objection but no further questions were asked. The prosecutor made no mention of defendant's other charges during his closing argument.

The following facts are relevant to defendant's second contention that he was not represented by counsel of his own choosing. Defendant retained Mr. Jack Stein to defend him. Mr. Stein represented defendant at his arraignment; requested five continuances; was present when the prosecution requested a continuance; requested another continuance; was present when the prosecution requested four more continuances; and made three demands for immediate trial. However, when the last continuance expired, Mr. Stein did not appear in court; two other attorneys, Mr. Hersch Franks and Mr. Morris Topol, appeared with defendant. Mr. Franks, without objection by the defendant or inquiry by the court, stated: "I represent the defendant, Marshall Coleman. Defendant is ready and demands immediate trial." When the prosecution could not produce one of its witnesses, Mr. Franks objected to further delay. Nonetheless, after conferring with both counsel, the court held the case over for trial on the following day. Before the trial began, Mr. Franks requested a continuance for two weeks, not because Mr. Stein was absent, but because Mr. Topol was. The court, reminding counsel of their conference the previous day, denied the request and stated: "I'm not going to permit you to come in one morning and demand trial and suddenly, the next morning, say you can't go to trial." Mr. Topol did participate in the trial.

In support of his second contention, defendant also argues that the representation he received was inadequate and cites three facts to illustrate his claim. First, defense counsel did not object when a police witness testified that an unknown motorist had told him about the robbery and had given him defendant's license number. However, later in the trial, defense counsel, in arguing against a hearsay objection raised by the prosecution, stated that such testimony had been "permitted intentionally." Second, defense counsel presented an alibi witness who, as it turned out, testified regarding the wrong night. After being fully examined by both counsel, the witness was asked a few questions by the court. As a result of these questions, it became apparent that the witness was testifying regarding the night of Halloween while the crime occurred in the early morning hours of that day. Third, defense counsel made no offer of proof regarding the testimony of a second alibi witness who would have testified, but for the prosecution's hearsay objection, that a third party had told the witness that he, not the defendant, had committed the crime.

## OPINION

■■ Defendant first contends that the trial court erred by allowing testimony of defendant's other crimes to be admitted into evidence. Generally, evidence of other crimes is inadmissible in criminal cases because a jury may infer defendant's guilt from such other crimes. (*People v. Lehman* (1955), 5 Ill.2d 337, 342-3, 125 N.E.2d 506, 509; *Farris v. People* (1889), 129 Ill. 521, 528, 21 N.E. 821, 822.) Unlike most other cases where the prosecution presented evidence of other crimes, the evidence of other crimes in the instant case was first brought out, whether intentionally or unintentionally, by defense counsel on cross-examination. Defense counsel have wide latitude on cross-examination to ask proper questions which they believe will assist their case; but counsel will not be heard to complain on appeal if unintentionally their questions produce unfavorable answers or if their intentional trial tactics go wrong. In either case, opposing counsel, not knowing the intentions of his counterpart, is entitled to respond with appropriate questions.

Defendant argues however that the evidence of other charges was volunteered by an over-zealous prosecution witness or that the prosecutor's short re-direct examination on this point, in itself, prejudiced him. We find no merit in these arguments. First, there is no indication here that the witness volunteered anything. The witness' answer was responsive to the question defense counsel asked. Second, in light of the defense counsel's cross-examination, we cannot say that the prosecutor's re-direct examination raised any inference of guilt because of other charges against defendant which may or may not have been presented or resulted in conviction. The prosecutor's two questions were asked to clarify defense counsel's cross-examination, were relevant in light of that examination, and were not asked in an inflammatory manner. The only additional information from the police report which was brought out by the prosecutor's examination related to a charge of intimidation and we believe this could not have prejudiced defendant in the light of the conspiracy and battery charges referred to in defense counsel's examination. No mention of defendant's other charges was made during final arguments.

Defendant second contends that he was deprived of his constitutional right to be represented by counsel of his own choosing. This argument separates into two parts: (1) that the trial court erred by not asking defendant whether trial counsel was acceptable to him, and (2) that counsel's representation was inadequate because of their lack of preparation and experience.

■■ Defendant argues that the trial court's failure to determine whether the two attorneys who represented defendant at trial were of his choice was error. A defendant in a criminal case is entitled to repre-

sentation by counsel. (*Gideon v. Wainwright* (1963), 372 U.S. 335, 9 L.Ed.2d 799, 83 S.Ct. 792.) If he is able, a defendant may retain counsel to represent him; and the refusal to permit defendant to be represented by such counsel is error. (*People v. Cohen* (1949), 402 Ill. 574, 85 N.E.2d 19.) Normally, when private counsel appears before the bar on behalf of a defendant, the trial court may assume that counsel was of defendant's own choosing. An inquiry of defendant in such a situation would be an empty gesture. In the instant case, defendant was not represented at trial by the attorney he had originally retained. However, the two attorneys who appeared with defendant stated they represented him; the defendant did not object to their representations; no continuance was requested so that original counsel could be present; and a fourth demand for immediate trial was made. Under these circumstances we find no reason for the trial court to disbelieve the representations of two officers of the court and ask the defendant whether counsel was of his choosing.

■■■■ Defendant further argues that he received inadequate representation because counsel was unprepared and inexperienced in criminal matters. A defendant is entitled to adequate representation of counsel; and where such representation is lacking, a conviction may be overturned. (*See e.g., People v. Morris* (1954), 3 Ill.2d 437, 121 N.E.2d 810.) While counsel's inexperience in criminal matters will not normally support a claim of inadequate representation (*People v. Gonzales* (1968), 40 Ill.2d 233, 237-8, 239 N.E.2d 783, 787), counsel's lack of preparation may justify such a holding. (*People v. Blevins* (1911), 251 Ill. 381, 96 N.E. 214.) However, mere assertions lacking factual support in the record will not sustain such a claim. In the instant case, the three facts cited by defendant do not support his conclusion. First, defense counsel's failure to object to hearsay testimony regarding defendant's license number was "permitted intentionally." Second, defense counsel's presentation of an alibi witness who happened to testify regarding the wrong night is not inadequate representation when it appears that the witness was presented in good faith and that opposing counsel did not notice such fact either. Third, defense counsel's failure to make an offer of proof regarding the exculpatory but hearsay testimony of a second alibi witness lacks significance when it appears that such testimony could have been properly excluded.

Thus, the decision of the trial court must be affirmed.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.