THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PATRICK KELLY, Defendant-Appellant.

(No. 58941;

First District (1st Division)—December 17, 1973.

Paul Bradley, Deputy Defender, of Chicago (James R. Streicker, Assistant Appellate Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and John M. Cutrone, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM.

On September 11, 1968, Patrick Kelly, defendant, entered a plea of guilty to two indictments charging him with attempt robbery and bail jumping in violation of sections 8—4 and 32—10 of the Criminal Code (Ill. Rev. Stat. 1967, ch. 38, pars. 8—4, 32—10). He was placed on probation for a period of five years, with the condition that the first year be served in Cook County Jail, time considered served. On November 6, 1970, a warrant was issued for defendant's arrest for violation of his probation.

On July 21, 1972, a hearing was held on a rule to show cause why defendant's probation should not be terminated. The rule was based upon the fact that defendant had failed to report to his probation officer and had been convicted of armed robbery, attempt armed robbery and unlawful use of weapons during the period of his probation. After the hearing, defendant was found to be in violation of his probation and was sentenced to a term of one to five years for bail jumping and five to ten years for attempt robbery, the sentences to run concurrently.

Defendant appeals from the order revoking his probation, contending that the sentences imposed are excessive under the Unified Code of Corrections and that he is entitled to a credit for the time served on

probation against his penitentiary sentence under the Unified Code of Corrections.

■■ Since defendant's case has not yet reached the stage of final adjudication, the Unified Code of Corrections is applicable. (*People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1; *People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269.) Under the Unified Code of Corrections, bail jumping is a Class 4 felony (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 32—10). The Code provides that the minimum sentence for a Class 4 felony shall be one year in all cases (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1 (c)(5)), and that the maximum term shall be any term in excess of one year but not exceeding three years (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(b)(5)). Here, defendant's maximum sentence of five years is excessive under the Code and must be reduced to a term of three years.

■■ Defendant was also convicted of attempt robbery which is a forcible felony (Ill. Rev. Stat. 1971, ch. 38, par. 2—8). Under the Unified Code of Corrections, attempt to commit a forcible felony is a Class 3 felony (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 8—4(c)(3)). (*People v. Lucien*, 14 Ill.App.3d 289, 302 N.E.2d 371.) The Code provides that for a Class 3 felony, the maximum term shall be any term in excess of one year but not exceeding 10 years (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(b)(4)) and that the minimum term shall be one year unless the court, having regard for the nature and circumstances of the offense, sets a higher term which shall not be greater than one-third of the maximum term set in that case by the court (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c)(4)). Here, defendant's minimum sentence of five years is in excess of one-third of the maximum and must therefore be reduced to a term of three years and four months.

Defendant's second argument is that he is entitled to a credit against his penitentiary sentence for the time served on probation. Subsection (h) of section 1005—6—4 of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—6—4(h)) provides:

> "Resentencing after revocation of probation or of conditional discharge shall be under article 4. Time served on probation or conditional discharge shall be credited against a sentence of imprisonment or periodic imprisonment."

■■ By the express terms of this section, defendant is entitled to a credit for the time served on probation. (*People v. Schreiber*, —— Ill. App.3. ——, —— N.E.2d (No. 58834, decided October 29, 1973).) The Unified Code of Corrections provides that the court clerk shall transmit to the department or other agencies the number of days the defendant has been held in custody for which he is entitled to credit (Ill. Rev. Stat.,

562

1972 Supp., ch. 38, par. 1005—4—1(d)(3)). There is no comparable provision for stating to the department the amount of time served on probation to enable administrative application of sentence credit as provided in paragraph 1005—6—4(h). It is therefore necessary for us to remand to the trial court with instructions that the trial court determine the amount of time spent on probation and issue an amended *mittimus* to reflect this time served.

Defendant's maximum sentence on the charge of bail jumping is reduced to a term of three years and defendant's minimum sentence on the charge of armed robbery is reduced to a term of three years and four months. The judgments of the circuit court of Cook County, as modified, are affirmed and the case is remanded to the trial court with instructions to issue as amended *mittimus* to credit defendant with time served on probation.

Judgments affirmed as modified; cause remanded with instructions.

EGAN, J., took no part.