THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLARD BULLION, Defendant-Appellant.

(No. 73-333;

Fifth District—July 25, 1974.

Robert E. Farrell and Brenda E. Richey, both of the State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant appeals from a judgment of the circuit court of St. Clair County revoking his probation and sentencing him to the penitentiary for a minimum of 5 and a maximum of 15 years.

Defendant pleaded guilty to the crime of burglary and was sentenced to serve 2 years on probation with permission to live in Missouri under the supervision of the probation authorities of that State. Subsequently, the State's Attorney of St. Clair County filed a petition to revoke defendant's probation alleging that defendant had participated in the commission of a burglary while in Missouri and had escaped from law officials in Missouri after being arrested for burglary.

Defendant contends (1) that he should be given credit for time served on probation, and (2) that the sentence imposed was excessive.

At the time of the defendant's guilty plea there was no requirement that, when sentence is imposed after probation revocation, credit must be given for time spent on probation. At the time that probation was revoked, however, the Unified Code of Corrections provided:

> "Time served on probation or conditional discharge shall be credited against a sentence of imprisonment or periodic imprisonment." Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—6—4(h).

■■ The State maintains that section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—6—4(h)) is not applicable in the instant case because the original burglary convic-

tion had reached "final adjudication" before the Code became effective. The argument lacks merit. The sentencing provisions of the Code are applicable if an appeal from a probation revocation was pending when the Code became effective even though the conviction had been "finally adjudicated." *People v. Kelly*, 16 Ill.App.3d 559, 306 N.E.2d 638; *People v. Decker*, 15 Ill.App.3d 230, 304 N.E.2d 99; *People v. Lewis*, 14 Ill.App. 3d 1083, 303 N.E.2d 424; *People v. Gregory*, 16 Ill.App.3d 204, 305 N.E. 2d 549.

With reference to his second contention, defendant contends the trial court erred in not complying with the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c)(3)) and that the trial court actually punished him for his subsequent conduct rather than for his original offense.

The original conviction in this case was for the offense of burglary. Defendant was sentenced on March 20, 1973, after the effective date of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1001—1—1 *et seq.*). Burglary is a Class 2 felony (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 19—1(b)), and the Code of Corrections specifically provides that:

"(3) for a Class 2 felony, the minimum term shall be 1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term, which shall not be greater than one-third of the maximum term set in that case by the court." Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c)(3).

It is therefore obvious that a minimum term of 1 year for a Class 2 felony is mandated under section 5—8—1(c)(3) unless the court sets a higher minimum after considering the nature and circumstances of the offense and the history and character of the defendant. The Council Commentary explaining the purpose and intent of this section states:

"The Judge is required to take regard of the nature and circumstances of the offense and the history and character of the defendant before setting minimum terms above the norms established by the Legislature in the statute * * *." S.H.A. (1973) ch. 38, § 5—8—1, at 461.

 It is well settled in Illinois that when a defendant who has been convicted of an offense is admitted to probation, and that probation is subsequently revoked, the judge may resentence the defendant to any sentence that would have been appropriate for the original offense. (*People v. Livingston*, 117 Ill.App.2d 189, 254 N.E.2d 64.) The court may not, however, use this sentence to punish the defendant for the sub-

sequent criminal activity that lead to the revocation. (*Livingston, supra; People v. Turner*, 129 Ill.App.2d 24, 262 N.E.2d 379.) The difficulty involved in this procedure has been discussed by the appellate court:

"Few tasks are more difficult for a trial judge than the sentencing of a probationer. The decision to sentence always involves the finding that the probationer violated the trust placed in him when he was given the benefits of probation. The breach of trust, however, cannot overshadow the statutory mandate that the probationer be sentenced for the crime of which he was convicted, not for the acts of delinquency which may or may not justify revocation of probation." *People v. Livingston*, 117 Ill.App.2d 189, 192.

"In a probation revocation hearing two factors are important. First, the nature of the acts which lead to the revocation hearing and second, the nature of the offense of which the probationer was convicted. The first factor is relevant in determining whether probation should be revoked. The second is relevant to the sentence to be imposed, if probation is revoked." *People v. Carney*, 3 Ill.App.3d 24, 26.

In the present case, this would mean that the sentence given the defendant should have been for the original burglary conviction, and not to punish him for any subsequent conduct that occurred in Missouri. If his subsequent conduct constituted other offenses, he should have been tried for those offenses and sentence imposed for them under "orderly criminal processes." *People v. Tempel*, 131 Ill.App.2d 955, 959, 268 N.E.2d 875.

Defendant was 18 years of age at the time of his arrest. He lived at home with his parents and was attending a GED program to complete his high school education. When he entered his plea of guilty to the charge he admitted that a friend and he had broken into the concession stand at a drive-in theatre and that he had taken about 55 packs of cigarettes. There appears to have been no weapons or violence involved in the offense. He had no prior record of arrests, and, as the State's Attorney informed the court, he co-operated fully with the police following his arrest. The conclusion is inescapable that the trial court punished defendant for his subsequent conduct in addition to his original offense.

■■ Since the trial court made no findings to justify a higher minimum term than that called for by the statute, we therefore reduce the sentence in this case to a minimum of 1 year and a maximum of 3 years in the penitentiary. We also direct that defendant shall be given credit on his sentence for the time served on probation.

Judgment affirmed as modified.

CARTER and CREBS, JJ., concur.