THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLEOTHA BELL, Defendant-Appellant.

(No. 59923;

First District (4th Division)—September 10, 1975.

Paul Bradley, of State Appellate Defender's Office, of Chicago, and Victoria J. Meyers, of Loyola University, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and John T. Theis, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

This is an appeal from a revocation of probation. The issue is whether the court erred in revoking the defendant's probation and sentencing him to serve a term of two to six years in the penitentiary.

The record reveals that on July 14, 1970, the defendant, Cleotha Bell, pleaded guilty to three counts of attempt murder and two counts of aggravated battery. He was 16 years of age at the time. In view of his age the court placed defendant on probation for a period of three years; however, the trial judge admonished defendant that if he violated his probation, he would be sentenced to a long term.

On December 3, 1972, defendant was arrested while attempting to purchase clothing with a stolen credit card. He pleaded guilty on January 30, 1973, to the charge of theft. The court placed defendant on a one-year probation with the condition that the first 90 days were to be served in the House of Correction.

Thereafter, the cause came on for hearing on a rule to show cause why defendant's probation on the original convictions should not be revoked. It was stipulated that the defendant pleaded guilty to and was convicted of petty theft. On June 15, 1973, the court held a hearing in aggravation and mitigation. Defendant's probation was revoked, and he was sentenced to serve two to six years in the penitentiary.

Defendant contends that the court erred in revoking his probation and sentencing him to serve two to six years where he had served a substantial part of his probation without incident and where the offense which caused his probation to be revoked was a non-violent misdemeanor.

It is well established in Illinois that when a defendant is admitted to probation and that probation is subsequently revoked, the judge may resentence the defendant to any sentence that would have been appropriate in the first instance. (*People v. Bullion*, 21 Ill.App.3d 297, 314 N.E.2d 731.) There is no claim that the two- to six-year sentence exceeded the statutory limits prescribed for the offenses for which the defendant pleaded guilty. Indeed, defendant could have been sentenced for a much longer term. It is only contended that in view of the circumstances the trial judge abused his discretion in imposing the sentence that he did. We are not in accord.

As stated above, defendant was originally convicted of five violent offenses. The record shows that the defendant and his codefendant approached a group of persons on the street and fired a shotgun and zip

gun at them. At the time of first sentencing, the court was well aware of defendant's age and background, for he leniently granted him probation. So too was the court cognizant of all mitigating factors when he subsequently revoked defendant's probation. In resentencing defendant the court indicated that he would receive credit for the time he served on probation. Since that time, the Illinois Department of Corrections issued a memorandum to the Warden of the Pontiac Correctional Center directing him to credit defendant with the full probation time of July 14, 1970, to June 15, 1973. Considering the nature of the offenses, we cannot say the sentence was excessive.

For the reasons stated above, the judgment is affirmed.

Affirmed.

DIERINGER, P. J., and ADESKO, J., concur.