THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL PAYNE *et al.*, Defendants-Appellants.

(Nos. 74-226, 74-282 cons.;

Fifth District—November 20, 1975.

Stephen P. Hurley, John H. Reid, and Daniel M. Kirwan, all of State Appellate Defender's Office, of Mt. Vernon, for appellants.

Robert H. Howerton, State's Attorney, of Marion, for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendants-appellants pled guilty to charges of burglary, theft and possession of cannabis. Defendant Payne, was sentenced to two to ten years on two burglary and theft charges, and one to three years on the possession charge, all sentences to run concurrently. Defendant Lyell received concurrent two- to six-year sentences on three burglary and theft charges and no sentence on the possession charge. The sentences were imposed pursuant to plea negotiations. The defendants filed separate appeals from these judgments, which appeals have been consolidated for purposes of review.

On appeal the defendants raised the following issues: (1) whether there was a factual basis for the possession charge; (2) whether the defendants knowingly and intelligently entered their pleas of guilty; (3) whether certain convictions must be reversed because of a faulty in-

dictment; (4) conviction of two crimes stemming from the same conduct; (5) conviction on a charge without imposition of a sentence; (6) whether the sentences imposed were excessive.

On April 18, 1974, the grand jury returned three indictments against the defendants. The first indictment was for the unlawful possession of more than 30 grams of a substance containing cannabis. The other two indictments concerned burglary and theft charges. On June 7, 1974, an additional indictment for theft and burglary was returned against defendant Lyell.

On June 14, 1974, the defendants represented by appointed counsel pled guilty to the charges. After admonishments, the judge determined that each defendant understood the nature of the charges and the possible penalties. The defense counsel announced that there had been plea negotiations on behalf of Payne who said the agreed sentence was acceptable if all other charges were dropped. Payne waived the right to sentencing hearing and a presentence report. The State's Attorney provided the factual basis for all three charges. The defendant indicated that the factual basis was sufficient and accepted the plea agreement. After determining that the defendant still wished to plead guilty, the court sentenced the defendant Payne to two or ten years on the burglary and theft charges and one to three years on the possession charge, all sentences to run concurrently.

The defense counsel then stated the terms of the plea agreement concerning defendant Lyell. After the State provided the factual basis for the pleas, the court stated its version of the plea agreement. In return for guilty pleas to the three burglary and the two theft charges, the defendant would receive concurrent two- to six-year sentences. In addition, he would plead guilty to the possession charge but would not be sentenced thereon. The defendant concurred in this statement of the plea agreement. The court then imposed concurrent two- to six-year sentences on the burglary and theft charges.

The contention of the defendants that the factual basis for the pleas to the possession charge was inadequate is without merit. Defendant Payne pled first and the prosecutor provided the factual basis for the plea by indicating that two bags which had been thrown out of a car by Payne were later retrieved. The substance inside the bag was later determined to be cannabis. Defendant Lyell pled in the afternoon of the same day and again the factual basis provided by the prosecutor was adequate.

The Supreme Court stated in *People v. Mims*, 42 Ill.2d 441, 444:

"The recital of the anticipated testimony of the witnesses for the prosecution, in the presence of the defendant and his at-

torneys, without protest and indeed with acquiescence, demonstrates to our satisfaction that the defendant's conduct falls within the charge to which he pleaded guilty."

■■ A court should not accept a plea without first determining that it is understandingly and voluntarily entered. (*Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed2d 274, 89 S.Ct. 1709.) In the instant case the defense counsel stated the plea agreement for defendant Payne. According to defense counsel, Payne was to plead guilty on all three charges and receive two to ten years on each burglary and theft charge with the exception of the possession indictment. He was to receive the maximum penalty for possession which was one to three years. When asked whether his understanding was that he would plead guilty and receive the above-mentioned sentences, Payne answered yes, and added that all other charges would be dropped. The accused thereby acknowledged his understanding of the plea and the record adequately demonstrates that defendant Payne voluntarily and knowingly entered his plea.

The same defense attorney also stated the plea agreement for Lyell. He was to plead guilty to three burglary and two theft charges and the sentence would be two to six years to run concurrently. He would also plead guilty to the possession charge but receive no sentence. The court then restated the agreement, and Lyell acknowledged his understanding of that agreement. The court then explained the consequences of that plea. Lyell did voluntarily and understandingly plead guilty to the charges.

Both defendants contend that their convictions in one of the theft charges are void because the indictment failed to allege an intent to permanently deprive the owner of the use or benefit of the property. The State has confessed error on this issue, and the convictions for theft in case number 74-CF-28 will be reversed for both defendants.

■■ Lyell also contends that his conviction for theft in one of the burglary and theft convictions must be reversed because both the burglary and theft convictions arise out of the same conduct and involve the same property. When a burglary and theft result from the same conduct, the defendant cannot be convicted and sentenced for both offenses. (*People v. Sullivan*, 12 Ill.App.3d 394; *People v. Edwards*, 29 Ill.App.3d 625.) In the case at bar, one count of the indictment charged the defendant with burglary of the Ramada Inn in Marion, and a second count of the same indictment charged theft from the Ramada Inn in Marion. Defendant Lyell pled guilty to both. Since the same conduct gave rise to both offenses, the conviction for theft in case number 74-CF-44 must be reversed.

■■ Defendant Lyell next contends that he was not convicted of unlaw-

ful possession because no sentence was imposed on this charge. He seeks an order from this court expunging from the record any reference to a conviction of this offense. The defendant has not filed a proper notice of appeal from this conviction and no judgment or sentence appears in the record; therefore, this court is without jurisdiction to consider this issue.

The defendants' final contention is that their sentences were excessive. The trial court is in a superior position to make the determination as to the sentence and the authority of the reviewing court to reduce the sentence should be applied with considerable caution and circumspection. (*People v. Allen*, 56 Ill.2d 536.) In the case at bar the defendant Payne admitted his guilt to two burglary and theft charges and one unlawful possession charge. At a preliminary hearing Payne also admitted having a previous offense. Defendant Lyell admitted committing three burglaries and unlawful possession. The fact that there were multiple crimes involved justifies the imposition of concurrent sentences greater than the statutory minimum. While it is true that the codefendant Gwattney received a fine and probation for the same offenses, it was his statement which implicated the defendants in the burglaries, thus justifying a lesser sentence. We do not believe that the trial court abused its discretion by imposing these sentences on the defendants.

For the reasons given, the judgments of conviction against the defendant Payne in the two burglary charges (74-CF-28 and 74-CF-31) and the possession charge will be affirmed; the judgment of conviction for the theft charge (74-CF-28) will be reversed; the judgments of conviction against the defendant Lyell in the three burglary charges (74-CF-28, 74-CF-44 and 74-CF-31), will be affirmed and the judgments of conviction in the theft charges (74-CF-28 and 74-CF-44) will be reversed.

Affirmed in part and reversed in part.

EBERSPACHER and KARNS, JJ., concur.