THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GERALD JOHNSON, Defendant-Appellant.

Fifth District   No. 75-178

Opinion filed July 22, 1976.

Stephen P. Hurley and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Michael J. Henshaw, State's Attorney, of Harrisburg (Bruce D. Irish and James Condon, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

The defendant pleaded guilty to the offense of burglary on October 31, 1974, and was granted two years' probation. A petition to revoke probation was filed by the State on December 24, 1974. At a subsequent hearing the court found that the defendant had violated the terms of his probation and sentenced him to two to six years in the penitentiary. On appeal the defendant makes two contentions: first, that he was denied the right to obtain counsel of his own choosing for the probation revocation hearing; and second, that his sentence was excessive and should be reduced.

During the defendant's arraignment on the charge of violation of his

probation, held on December 30, 1974, the public defender was appointed to represent him. The defendant appeared with his attorney on the hearing date, January 7, 1975, and requested a continuance to obtain private counsel. The court granted the continuance, telling the defendant that he had until January 16, and was expected to appear with his own counsel on that date. On January 16 the public defender continued the case due to a conflict with a jury trial. At the probation revocation hearing, which was held January 20, 1975, the same appointed counsel again appeared with the defendant and indicated that the defendant had not yet retained private counsel but still wished to do so and requested another continuance for that purpose. The State objected and the court, without making any direct inquiries of the defendant, who had been continuously incarcerated, denied the motion and ordered the cause to proceed.

■■ The defendant, relying upon *People v. Green*, 42 Ill. 2d 555, 248 N.E.2d 116, asserts that it was error for the court to deny the continuance without inquiring directly of him regarding the circumstances surrounding his failure to have retained an attorney by the date set for the revocation hearing. However, we do not construe *Green* to compel a reversal, since we believe it to be factually distinguishable. The crucial difference between the situation in *Green* and the situation here is that the defendant in *Green* represented to the court that he had retained an attorney, that his church had paid the attorney's fee and that the attorney was temporarily out of town. It was the truth of these representations into which the court in *Green* failed to inquire before denying the requested continuance. In addition, the public defender, who was appointed the date of trial, had no time to prepare a defense in *Green*. In other cases cited by defendant in support of his contention concerning denial of the continuance evidence existed that the defendant had actually retained a private counsel, who was for some reason unavailable at trial. Here, as evidenced by the prosecutor's remark that other counsel had been contacted and was not present, defendant may have had some preliminary contact with an attorney. But the record fails to establish that an attorney had actually been retained or had agreed to take the case. It is true, as defendant points out, that courts may take into account the fact of a defendant's incarceration in assessing his diligence in obtaining the services of an attorney. (*People v. Willis*, 6 Ill. App. 3d 980, 286 N.E.2d 72.) The instant defendant, however, was not totally alone and futilely operating from behind bars in his efforts to find a private attorney. Although defendant had been continuously in custody, his mother, a sister and a brother, all adults, lived in the same town and the pre-sentence report indicates that the family was a close and supportive group.

■■ The right of an accused to counsel of his own choosing should not

be used as a tactic to delay trial where he does have adequate representation, such as the public defender or retained counsel in whose place he is seeking to substitute other counsel. (*People v. Solomon*, 24 Ill. 2d 586, 182 N.E.2d 736; *People v. Mitchell*, 33 Ill. 2d 603, 213 N.E.2d 514.) The defendant had been told that he had until a date certain to obtain private counsel; nevertheless, he apparently did very little, if anything, to acquire private counsel during the 27 days following the filing of the petition to revoke probation.

■■■ The defendant next attacks his sentence as excessive and asks that it be reduced. The minimum term for burglary is one year. (Ill. Rev. Stat., ch. 38, par. 1005—8—1(c)(3).) The defendant was sentenced to a term of two to six years. The sentence imposed when probation is revoked must be one which is appropriate for the offense for which the defendant was placed on probation, not one designed to punish for the subsequent criminal conduct which led to the revocation. (*People v. Bullion*, 21 Ill. App. 3d 297, 314 N.E.2d 731.) As might be expected, there are factors which serve to both aggravate and mitigate the sentence imposed. We do not deem it necessary to examine them in this case. The trial court is in a superior position to make the determination of the proper sentence and the authority of the reviewing court should be applied with considerable caution and circumspection. (*People v. Allen*, 56 Ill. 2d 536, 309 N.E.2d 544; *People v. Payne*, 33 Ill. App. 3d 713, 341 N.E.2d 735.) A sentence should not be modified unless it is greatly at variance with the purpose and spirit of the law or greatly disproportionate to the nature of the crime, provided it is within statutory limits. (*People v. Morgan*, 59 Ill. 2d 276, 319 N.E.2d 764.) In view of the record presented here, and the above guidelines, we do not see any justification for a sentence reduction.

Affirmed.

KARNS, P. J., and EBERSPACHER, J., concur.