THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
SANCHEZ SYLVESTER, Defendant-Appellant.

Fifth District   No. 77-336

Opinion filed May 1, 1979.

Michael J. Rosborough and Jeff M. Plesko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Raymond F. Buckley, Jr., and Stephen J. Maassen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KUNCE delivered the opinion of the court:

Defendant-appellant Sanchez Sylvester was found guilty of armed robbery after a jury trial in the Circuit Court of St. Clair County, and was sentenced to a term of five to 15 years imprisonment.

The defendant contends here that the trial court erred in refusing his request for different appointed counsel; that he was prejudiced by the admission of evidence showing that he had committed a crime other than the one for which he was being tried and by hearsay testimony that a witness had identified him from a photographic array; and that he was denied a fair trial by prosecutorial misconduct. The facts are stated below to the extent necessary to an understanding of our resolution of the issues raised.

On the day of trial, defense counsel, an assistant public defender, informed the court that the defendant did not want to be represented by him. Counsel stated that although the two of them had been able to communicate, there had not been "good cooperation" between them. Counsel moved to withdraw, citing a perceived "lack of effective attorney-client relationship." After inquiring into the matter, the court denied the request for appointment of different counsel and the motion to withdraw. The court did, however, appoint another assistant public defender to assist in representing the defendant. After one day of trial, the defendant permitted the second assistant public defender to withdraw, stating that she was of no assistance.

At the time in question, the relevant statute provided as follows:

"Any court may, with the consent of the defendant and for good cause shown, appoint counsel other than the public defender, and shall so appoint if the defendant or accused shall demand and show good cause for that appointment." Ill. Rev. Stat. 1973, ch. 34, par. 5604.[1]

The case law makes it clear that an indigent defendant has no right to select his own counsel absent a showing of good cause. (See, *e.g.*, *People v. Purvis*, 48 Ill. App. 3d 813, 363 N.E.2d 455 (4th Dist. 1977); *People v. Graham*, 27 Ill. App. 3d 408, 327 N.E.2d 261 (5th Dist. 1975).) We do not think that the defendant showed good cause here. The court concluded that counsel had exercised diligence in preparing for trial. The defendant's statements to the contrary, absent any facts to back them up, were insufficient to show good cause. The fact that an appointed attorney and his client bicker between themselves does not require a court to grant a motion for new counsel.

As we said in *People v. Johnson*, 40 Ill. App. 3d 388, 390-91, 352 N.E.2d 462, 463-64 (5th Dist. 1976), "The right of an accused to counsel of his own choosing should not be used as a tactic to delay trial where he does have adequate representation, such as the public defender or retained counsel in whose place he is seeking to substitute other counsel." The fact that the defendant decided that the second assistant public defender appointed by the court to assist the first one was of no help suggests that his dissatisfaction did not stem from any inadequacies on the part of the attorney.

The defendant's second contention must likewise be rejected. He was tried for the armed robbery of Velma McIntyre. She testified that two men with a sawed-off gun held her hostage for 45 minutes to an hour, then released her after taking the contents of her pay envelope and her green four-door 1970 Chevrolet. She identified the defendant as one of the robbers. Over objection, the State was permitted to introduce the testimony of Mr. and Mrs. Michael Hudson, who identified the defendant as one of the perpetrators of a similar offense upon them later the same evening. The Hudsons' assailants were driving a green four-door automobile. When Velma McIntyre retrieved her automobile from the police parking lot, she found a medical identification card bearing the name of Urline Hudson on the floor of the automobile.

We think that the testimony complained of falls within the well-established rule that evidence of other crimes is admissible when it is presented, not to show the propensity of the defendant to commit criminal acts, but to show motive, intent, identity, absence of mistake,

---

[1] This statute has subsequently been amended to read as follows:

"Every court shall, with the consent of the defendant and where the court finds that the rights of the defendant would be prejudiced by the appointment of the public defender, appoint counsel other than the public defender, except as otherwise provided in Section 113—3 of the 'Code of Criminal Procedure of 1963'." Ill. Rev. Stat. 1977, ch. 34, par. 5604.

*modus operandi,* or proof of a fact in issue. (See, *e.g., People v. McDonald,* 62 Ill. 2d 448, 343 N.E.2d 489 (1975).) Here, the "other crime" was nearly contemporaneous with the offense charged; it was committed using the automobile of the victim of the offense charged; it explained circumstances of the offense charged; it served to place the defendant in proximity to the offense charged; it tended to prove that the offense charged occurred and that the defendant was one of the perpetrators.

■■ The defendant points to contradictions as to whether or not the Hudsons identified the defendant's photograph shortly after the occurrence in urging that he was prejudiced by admission of the other crime's evidence. But the conflicts in the evidence go only to the weight to be given the Hudsons' testimony. Given the substantial probative value of that testimony, the court below did not abuse its discretion in admitting it.

Next, it is contended that the admission of testimony by a police officer that Velma McIntyre identified the defendant's photograph was hearsay and prejudicial error, because it improperly bolstered and corroborated the victim's own identification of the defendant.

■■ In *People v. Harrison,* 25 Ill. 2d 407, 185 N.E.2d 244 (1962), one of two girls whom the defendant was charged with assaulting identified the defendant at trial, but the other did not. A police officer was permitted to testify that both girls had identified the defendant prior to trial in a photographic array and in a lineup. The supreme court held the testimony inadmissible hearsay, stating: "The testimony of the officer * * * could only have been offered to bolster the testimony of the older girl and to close the gap that resulted from the failure or refusal of the younger girl to identify the defendant at trial." Our brief summary of the facts of *Harrison* should sufficiently distinguish it from the instant case. Here, there was no second victim of the offense charged who failed to identify the defendant at trial. Velma McIntyre identified the defendant in court as her assailant and testified that she had identified his photograph prior to trial. She was present in court and subject to cross-examination. No error was committed in the admission of the officer's testimony.

■■■ Finally, we have examined the alleged instances of prosecutorial misconduct. Some of them were not objected to at trial. None of them was such a serious deviation as to require a new trial. We think that the defendant received a fair trial and that he was proved guilty of the offense charged beyond a reasonable doubt.

For the foregoing reasons, the judgment and sentence of the Circuit Court of St. Clair County are affirmed.

Affirmed.

MORAN, P. J., and JONES, J., concur.