Clarence **PICKETT**, Jr., Petitioner,

v.

**David P. HENRY**, Administrator, State of North Carolina, Respondents.

No. 2331.

United States District Court,
E. D. North Carolina,
Raleigh Division.

Aug. 3, 1970.

Jacob L. Safron, Asst. Atty. Gen., Raleigh, N. C., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by Clarence Pickett, Jr., a state prisoner, pursuant to 28 U. S.C. § 2241. The petition was filed with this court on April 7, 1969.

Petitioner attacks three sentences imposed on him in November, 1967, by the Pender County Superior Court, upon conviction for second degree murder, assault with a deadly weapon, and assault on a female. Petitioner, represented by court-appointed counsel, entered a plea of guilty to murder in the second degree and received a 30 year sentence. To the assault charges petitioner entered pleas of nolo contendere and received 2 year sentences on each.

Petitioner was granted a post-conviction hearing in the Superior Court of Pender County and on April 7, 1969, that court denied relief. A petition for a writ of certiorari was denied by the North Carolina Court of Appeals on February 13, 1969. Petitioner has thereby exhausted his available state remedies in compliance with 28 U.S.C. § 2254.

Petitioner alleges that the plea of guilty to second degree murder was coerced by counsel. He alleges that his counsel did not fully explain the basic elements of the offenses, that counsel induced the plea by the threat of the gas chamber and by the promise of a more lenient sentence, and that the guilty plea was entered without his consent in writing.

After hearing sufficient evidence at the post-conviction hearing, the court found the following to be facts and this court relies thereon. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Counsel was found to have fully advised petitioner with regard to the charges. Petitioner was informed of both the maximum and minimum penalties and of the basic legal elements of each of the crimes required to be proved

before a conviction could be had. It is apparent that the state court did not believe counsel promised petitioner a 10 to 15 year sentence on the plea of guilty. This court relies on this inferred finding of fact. Also prior to accepting the pleas, the trial judge made his own determination as to their voluntariness.

■ The fact that the law imposed the threat of the gas chamber does not render petitioner's plea involuntary. Moore v. Wainwright, 401 F.2d 525 (5th Cir. 1968). Petitioner entered his plea to a lesser offense of murder and was not exposed to the defect which prompted the holding in United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L. Ed.2d 138 (1968). Buckner v. Henry, Civil No. 2172 (E.D.N.C. July, 1970). As in *Buckner,* this court declines to follow Alford v. North Carolina, 405 F.2d 340 (4th Cir. 1968), which is now superseded by Brady v. United States, 397 U. S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (May 4, 1970) and Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L. Ed.2d 785 (May 4, 1970).

■ As to the charge that the plea was not in writing, this court cannot thereby find constitutional error. Due process requires that the plea be voluntarily and intelligently entered. This plea was so entered and due process has thereby been satisfied.

■ Petitioner alleges that he was not fully advised of his rights before being interrogated and that he would have been prejudiced by an illegally obtained statement had he sought jury trial. The Supreme Court has made it clear in McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (May 4, 1970), that these are not matters which can be challenged after a voluntary plea of guilty.

■ Petitioner also alleges that he was prejudiced by the consolidation of his murder trial with the trial for the assaults. The state court found that this was a matter which could have been objected to by the defendant and his counsel. Further, that court found that the consolidation was to the advantage of the petitioner. Petitioner was tried by a judge without a jury and he has not alleged in what manner this consolidation prejudiced his trials. This court cannot discover prejudice much less constitutional error resulting to defendant from this consolidation.

■ Finally petitioner alleges that he was given ineffective representation by counsel. Petitioner was represented by two experienced attorneys. The state court found as a fact and this court relies thereon that petitioner's counsel made a complete investigation of the case and fully advised petitioner with regard to the charges. Petitioner must show that counsels' representation was so inadequate as to make a farce of the trial. Snead v. Smyth, 273 F.2d 838 (4th Cir. 1959). The evidence overwhelmingly demonstrates that this petitioner was given effective representation.

For the foregoing reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to certify copies of this opinion and judgment to the petitioner and to the respondent.