573 P.2d 1208

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Clay LORD, Defendant-Appellant.**

**No. 3188.**

Court of Appeals of New Mexico.

Dec. 13, 1977.

Rehearing Denied Dec. 27, 1977.

Writ of Certiorari Denied Jan. 24, 1978.

Ronald Higginbotham, Stagner, Higginbotham & Oas, P. A., Roswell, for defendant-appellant.

Toney Anaya, Atty. Gen., Santa Fe, Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Defendant sought to set aside his guilty plea; he claims the trial court erred in refusing to do so. We discuss: (1) Rule of Crim. Proc. 21, and (2) *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

**354**

Defendant was charged with, and pled guilty to, trafficking in heroin. He was sentenced to a penitentiary term of not less than ten nor more than fifty years. Section 54–11–20(B)(1), N.M.S.A. 1953 (Repl. Vol. 8, pt. 2, Supp. 1975). Defendant then moved to withdraw his guilty plea, claiming that the State had failed to keep its part of a plea bargain.

*Rule of Crim. Proc. 21*

Rule of Crim. Proc. 21(f) states:

(f) *Insuring That the Plea is Voluntary.* The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. *The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or his attorney.* (Our emphasis.)

Rule of Crim. Proc. 21(i) states:

(i) *Record of proceedings.* A verbatim record of the proceedings at which the defendant enters a plea shall be made and, if there is a plea of guilty or nolo contendere, the record shall include, without limitation, the court's advice to the defendant, the inquiry into the voluntariness of the plea including any plea agreement, and *the inquiry into the accuracy of a guilty plea.* (Our emphasis.)

There was compliance with the above-quoted provisions. The record of the guilty plea proceedings shows that defendant's guilty plea resulted from discussions between the prosecutor and defense counsel. An agreement was reached. The details of the agreement were not "reduced to writing". However, the trial court required "the disclosure of the agreement in open court at the time the plea . . . [was] offered." Rule of Crim. Proc. 21(g)(2). The trial court then inquired into the accuracy of the plea.

The details of the agreement, disclosed to the trial court at the time of the plea,

showed that in exchange for the guilty plea a fourth degree felony charge would be dismissed and a presentence report would be obtained prior to imposition of sentence. After this disclosure, the following occurred:

THE COURT: Is there any other agreement or understanding you have, as to anything leading to the making of the plea, other then that the other charge will be dismissed?

MR. LORD: No, sir.

THE COURT: And you will get a presentence report, before sentencing.

MR. LORD: No, sir.

THE COURT: Do you understand that the pre-sentence report is for my advice in connection with the sentence, but is not binding on me? That I will make the ultimate decision as to what your sentence will be in this.

MR. LORD: Yes, sir, I do understand that.

There is no claim that the prosecutor's part of the bargain, as disclosed on the record, was not kept. Defendant's claim is that there was an additional, but undisclosed, promise by the prosecutor which was not kept.

The alleged undisclosed promise was that the prosecutor would make "no recommendation" as to the sentence to be imposed. At the sentencing hearing the prosecutor "strongly" urged the imposition of a penitentiary sentence. Defendant asserts this was a violation of the plea bargain which requires that his guilty plea be set aside.

We answer the question of whether there was a violation of the plea bargain during the discussion of *Santobello v. New York, supra.* Our concern under this point is Rule of Crim. Proc. 21.

When plea bargaining occurs it ought to be spread on the record and publicly disclosed. *Raines v. United States,* 423 F.2d 526 (4th Cir. 1970). Rule of Crim. Proc. 21 was designed to obtain disclosure. Defendant's claim, of an unkept promise by the State, is based on his own failure to disclose the alleged promise.

Not having made full disclosure to the trial court at the time that inquiry was made concerning the details of the plea bargain, defendant seeks to obtain advantage from his own omission. He may not do so. The nondisclosure waived the claim of an unkept promise by the State. See *State v. Garcia*, 80 N.M. 466, 457 P.2d 985 (1969); *State v. Edwards*, 54 N.M. 189, 217 P.2d 854 (1950); *State v. Duran*, 80 N.M. 406, 456 P.2d 880 (Ct.App. 1969). Compare *Baird v. State*, 90 N.M. 667, 568 P.2d 193 (1977). *Santobello v. New York, supra.*

A part of the plea bargain in *Santobello* was that the prosecutor would make no recommendation as to the sentence. This agreement was not kept. *Santobello* states: "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."

Defendant's reliance on *Santobello* is misplaced, for two reasons.

First, the alleged promise on the part of the prosecutor has not been established as a fact. The trial court did not so find. Defendant asserts that the prosecutor "was not in disagreement" with defendant's claim that the prosecutor would make no sentencing recommendation. This assertion is not supported by the transcript. The prosecutor's "no disagreement" statement was in connection with defendant's remarks concerning the pre-sentence report and testimony offered by defendant at the sentencing hearing. The transcript does not show that the prosecutor agreed there was a promise not to make a sentencing recommendation. Defendant's statements do not establish the record. *State v. Edwards, supra.* Since an unkept promise has not been established as a fact, there is no basis for applying *Santobello.*

Second, assuming, but not deciding, that the prosecutor broke a promise to make no sentencing recommendation, what is the consequence of the broken promise? In *Santobello*, the trial judge stated, " 'I am not at all influenced by what the District Attorney says' ". However, because of the unkept broken promise, the *Santobello* case was remanded "for further consideration". The *Santobello* decision states:

> The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, *i. e.*, the opportunity to withdraw his plea of guilty.

The trial court ruled "that any breach of a plea agreement which was made in this case was not material." Thus, the trial court was of the view that if any breach occurred, the breach did not involve "a matter which is so substantial and important as to influence a party." *State v. Sierra*, 90 N.M. 680, 568 P.2d 206 (Ct.App. 1977). Here, as in *Santobello*, the trial court was not influenced by the prosecutor's recommendation. Under *Santobello*, this Court would not set aside the guilty plea; if an unkept promise not to make a sentencing recommendation were in fact established, at most we would remand for further sentencing proceedings.

Because defendant is attempting to take advantage of his own nondisclosure and because an unkept promise has not been established as a fact, there is no basis for an additional sentencing hearing.

The order denying the motion to set aside the guilty plea is affirmed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.