This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                     **NO.   32,644**

**EUGENIO ROYBAL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sarah C. Backus, District Judge**

Gary K. King, Attorney General
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Law Office of the Public Defender
Jorge A. Alvarado, Chief Public Defender
David Henderson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1}     Eugenio Roybal (Defendant) appeals after being sentenced to concurrent thirteen-year terms for two counts of armed robbery, including concurrent four-year habitual offender enhancements for two prior felony convictions. Defendant argues that this sentence does not conform with his plea agreement, which he views as contemplating a sentence of no more than ten years, including a one-year habitual offender enhancement for one prior felony. Defendant asserts that he is entitled to have the plea agreement enforced as he reasonably understood it at the time he entered the plea. We agree and therefore reverse and remand to the district court for proceedings consistent with this Opinion.

**I.     BACKGROUND**

{2}     In March 2012, Defendant agreed to plead guilty to two felony counts of armed robbery and also agreed to admit that he had one 2001 felony conviction for habitual offender purposes.[1] As required, before accepting Defendant's plea, the district court ensured that he had been advised that, under the plea agreement, he faced a possible sentence between one and ten years, including one year for the prior felony conviction

---

[1]This appeal involves proceedings from two separate district court Cause Numbers D-820-CR-2012-24 and D-820-CR-2011-55 that were consolidated for the plea proceedings. The citations to the Record Proper are to Cause Number D-820-CR-2011-55.

2

that he had admitted to. The plea agreement's "[a]greement as to sentencing" section, however, is crossed out and initialed with the handwritten provision that there will be "open sentencing [at a] later date [with the pre-sentence report]." (Emphasis omitted.) A separate section sets forth the range of possible sentences for the armed robbery counts, but contains no information about the potential habitual offender consequences. Following entry of the plea, but prior to the anticipated pre-sentence report, the district court entered an "Interim Judgment and Sentence and Order for Pre-Sentence Report." The order references Defendant's guilty plea to two counts of armed robbery and his 2001 felony conviction for habitual offender purposes.

{3}     Subsequently, a different prosecutor took over the case and filed a supplemental habitual offender information that listed the agreed upon 2001 prior felony conviction and also listed a 2007 felony conviction. The sentencing consequence of an additional prior conviction changed the habitual offender enhancement from one year to four years. *See* NMSA 1978, § 31-18-17 (A), (B) (2003) (providing that a person who has a prior felony conviction is a habitual offender, and his sentence shall be increased by one year for one prior conviction and four years for two prior convictions). Following a sentencing hearing, the district court entered the judgment and sentence. The judgment and sentence acknowledges Defendant's guilty plea to two counts of armed robbery and his admission to the 2001 felony conviction. It also references the district court's finding that Defendant has an additional felony conviction from 2007 as set

forth in the supplemental habitual offender information. The judgment and sentence enhanced each of Defendant's armed robbery convictions by four years based on the 2001 and 2007 convictions, resulting in a total sentence of thirteen years.

{4}     Following the entry of the judgment and sentence, Defendant filed a motion for reconsideration. He asked the district court to reduce his sentence so that it was enhanced only one year for the 2001 felony conviction as contemplated by his plea. He asserted that "the imposition of the second prior conviction was undertaken by the State despite its original agreement with . . . Defendant that he would serve one year of [h]abitual [o]ffender time." At the hearing, the State argued that, if anything, Defendant might be entitled to the opportunity to withdraw his plea, since there was an argument to be made that he did not enter into the agreement knowingly. The district court agreed, found that Defendant had not entered into the plea agreement knowingly, and gave him the opportunity to withdraw his plea. Defendant declined to do so, and the district court denied his motion for reconsideration. This appeal followed.

{5}     On appeal, Defendant raises several issues, all of which relate to whether the district court erred in refusing to sentence Defendant to no more than ten years, including a one-year enhancement, rather than a four-year enhancement, as contemplated by the plea agreement. Defendant asks this Court to reverse and remand to the district court to modify the sentence to conform with the plea agreement. We

4

conclude that specific performance of the plea agreement is available under the facts of this case.

## II.     DISCUSSION

{6}     Defendant argues that he was not sentenced according to the terms of his plea agreement.    The State disagrees and maintains that Defendant's sentence does conform with the plea agreement, since it did not preclude the State from seeking additional habitual offender enhancements.  Since the parties disagree about whether Defendant was sentenced in accordance with the terms of the plea agreement, our task is to evaluate its terms.  *State v. Miller*, 2013-NMSC-048, ¶ 9, 314 P.3d 655.

{7}     "A plea agreement is a unique form of contract the terms of which must be interpreted, understood, and approved by the trial court."  *State v. Mares*, 1994-NMSC-123, ¶ 12, 119 N.M. 48, 888 P.2d 930.  "Once [a] plea is accepted, the court is bound by the dictates of due process to honor the agreement and is barred from imposing a sentence that is outside the parameters set by the plea agreement."  *State v. Gomez*, 2011-NMCA-120, ¶ 16, 267 P.3d 831.

{8}     We "construe the terms of the plea agreement according to what [the d]efendant reasonably understood when he entered the plea."  *Miller*, 2013-NMSC-048, ¶ 9 (internal quotation marks and citation omitted).  When an ambiguity exists that the district court did not resolve with the parties below, as is the case here, a reviewing court may rely on extrinsic evidence in construing in the agreement.  *Id.*  If the

5

extrinsic evidence does not resolve the ambiguity, "we may rely on the rules of construction, construing any ambiguity in favor of the defendant. Under such circumstances, we review the terms of the plea agreement de novo." *Id.* (internal quotation marks and citation omitted).

**A.      The Agreement Between the State and Defendant Provided He Would be Sentenced to a Term Between One and Ten Years Including a One-Year Enhancement**

{9}      In this case, the written plea agreement reflects Defendant's guilty plea to two felony counts of armed robbery and his admission to one felony conviction for habitual offender purposes. The plea agreement's "[a]greement as to sentencing" section is crossed out and initialed with the handwritten provision that there will be "open sentencing [at a] later date [with the pre-sentence report]." (Emphasis omitted.) The agreement does not indicate the range of possible sentences, other than noting that a single count of armed robbery carries a basic sentence of nine years. The plea agreement does indicate that the armed robbery sentences are to be served concurrently.

{10}      At the plea hearing, the State described the terms of the plea agreement as follows: "Defendant has exposure from one-year mandatory, which is the prior felony up to . . . adding nine years to that for a total of ten years. The State's agreeing that the sentences would run concurrent." The State also explained that sentencing would be at a later date. The district court inquired of Defendant: "[Defendant], you heard

what [the State] just said. Is that your understanding of the agreement that you've reached with the State?" After he responded affirmatively, the district court accepted his guilty plea and informed Defendant as follows:

> The court will go along with the agreement that you've reached with the State. . . . You will be sentenced at a later date in accordance with the plea agreement, which gives you a minimum of a year to a maximum of nine years, followed by a one-year enhancement. . . . The sentence on both would run concurrent, but the maximum would be nine years plus a one-year enhancement.

{11} Based on the foregoing, we conclude that Defendant reasonably understood that he was subject to a sentence of one to ten years, including a one-year enhancement. In this case, extrinsic evidence—the transcript of the plea hearing— resolves any ambiguity in the terms of the plea agreement. The terms of the plea as written and explained are not such that Defendant could have reasonably contemplated that his plea could subject him to additional habitual offender proceedings as part of his sentence. Nothing was said during the hearing or in the plea agreement that alerts Defendant to the possibility of the State filing a supplemental habitual offender information.

{12} The State did not file its supplemental information alleging a second felony conviction from New Mexico in this case until forty-four days after Defendant entered his plea. The State was aware of the Kansas prior felony to which Defendant pled at least a hundred days prior to the plea. There is no other information in the record

7

below as to when, relative to the plea agreement, the State discovered the Sandoval County, New Mexico felony conviction from the previous year. Thus, there is no indication whether Defendant was attempting to conceal his record, or whether the initial prosecutor knew about the recent prior in New Mexico and chose not to pursue it. We will not speculate, but will look to the evidence in the case and construe the agreement according to its terms. Therefore, construing "the terms of the plea agreement according to what Defendant reasonably understood *when he entered* the plea[,]" we conclude that Defendant is correct in asserting that he was promised a sentence between one and ten years, including a one-year enhancement. *State v. Fairbanks*, 2004-NMCA-005, ¶ 15, 134 N.M. 783, 82 P.3d 954 (emphasis added) (internal quotation marks and citation omitted). Once the district court accepted the plea agreement, it was bound to honor it and could not impose a sentence that deviated from that agreement. *Gomez*, 2011-NMCA-120, ¶ 16.

{13} While the plea agreement indicates that sentencing will be addressed after submission of a presentence report, this provision did not give the State free rein to charge Defendant with matters outside of what was agreed upon in the plea agreement. Additionally, we conclude based on the record that, while the plea agreement indicated that sentencing would be "open," it was only open in the sense that Defendant could be sentenced anywhere within the agreed-upon range of one to ten years. In other words, the exact number of years had yet to be determined, but a

specific range had been identified and resolved. When a district court accepts a plea agreement for a guaranteed, specific sentence, as it did in this case, it must impose the agreed-upon sentence. Rule 5-304(C) NMRA; *Miller*, 2013-NMSC-048, ¶¶ 15, 28, 31 (holding that sentence between ten and forty years was a guaranteed specific sentence subject to enforcement).

{14} We acknowledge the State's argument with respect to the proposition that a "plea agreement's silence on the subject of habitual[]offender charges cannot inure to [a defendant's] benefit." *State v. Trujillo*, 2007-NMSC-017, ¶ 12, 141 N.M. 451, 157 P.3d 16. However, the plea agreement in this case was not silent on the subject of habitual offender charges. Both the plea agreement and the interim order referenced Defendant's admission to one prior felony conviction for purposes of habitual offender enhancements. In the absence of anything to alert Defendant to the possibility of the State filing additional habitual offender proceedings based on convictions not admitted in the plea, we maintain that Defendant could have reasonably understood that he was subject to enhancement for the one prior felony he admitted to in exchange for pleading guilty. Because the sentence imposed—nine years plus a four-year enhancement for two prior felonies— clearly exceeds the parameters of what was contemplated by the plea agreement, we proceed to determine the appropriate remedy.

**B. The Plea Agreement is Subject to Enforcement as Defendant Reasonably Understood It**

{15}     Although the district court gave Defendant the opportunity to withdraw his plea below, it was not the appropriate remedy.  In *Gomez*, we explained that

> when the district court imposes a sentence that does not conform to the [plea] agreement, the interests of justice are better served by enforcing the agreement instead of forcing a defendant to either accept a sentence that does not conform to the agreement, or alternatively, by forcing the defendant to withdraw the guilty plea.

2011-NMCA-120, ¶ 18.   We concluded above that Defendant was promised a guaranteed, specific sentence of between one and ten years and also noted that our rules and case law mandate that, when a district court accepts a plea agreement for a guaranteed, specific sentence, as it did in this case, it must impose the sentence agreed to.   Rule 5-304(C); *Miller*, 2013-NMSC-048, ¶¶ 15, 28, 31 (concluding that the sentence between ten and forty years was a guaranteed, specific sentence subject to enforcement); *Gomez*, 2011-NMCA-120, ¶ 16 ("New Mexico jurisprudence is clear that[,] when a defendant pleads guilty . . . in exchange for a specific, guaranteed sentence, he is entitled to specific performance of the plea agreement.").  Accordingly, we agree with Defendant that he is entitled to have the agreement enforced as he reasonably understood it.

{16}     As Defendant understood it, the fact that the plea agreement is not embodied in written form is not determinative.  Defendant was assured by the State and the

10

district court that he faced no more than ten years. While Rule 5-304(B) requires that a plea agreement be reduced to writing, our Supreme Court has held that we will not invalidate plea agreements for failure to strictly comply with this rule. *State v. Jonathan B.*, 1998-NMSC-003, ¶ 11, 124 N.M. 620, 954 P.2d 52. Additionally, we are permitted to rely on extrinsic evidence—the transcript of the plea hearing in this case—to resolve ambiguities. Therefore, to the extent the agreement as Defendant understood it is not in written form, we conclude that this fact is not always controlling.

{17} We therefore remand to the district court and order that it shall embody in the judgment and sentence the agreed-upon sentence. *See* Rule 5-304(C) ("If the court accepts a plea agreement that was made in exchange for a guaranteed, specific sentence, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement."). We remind the district court that, in doing so, it "must ensure that [the] sentence complies with both the terms of [the] accepted agreement and our sentencing laws." *Miller*, 2013-NMSC-048, ¶ 35. If the district court needs guidance in fashioning such a sentence, we direct it to Paragraphs 35 through 38 of our Supreme Court's opinion in *Miller* for guidance.

**III.  CONCLUSION**

{18} We remand to the district court with instructions to enter a judgment and sentence consistent with this Opinion. Because we hold that Defendant's sentence did

not conform to his plea agreement and that holding is dispositive, we do not address Defendant's double jeopardy argument.

{19}    **IT IS SO ORDERED.**


_____

**RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**J. MILES HANISEE, Judge**