This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

       **Plaintiff-Appellee,**

  **vs.**                             **No. 34,716**

**RUDY BARELA,**

       **Defendant-Appellant**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Marie Ward, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}    Defendant has appealed from the entry of an amended judgment and sentence. We previously issued a notice of proposed summary disposition, proposing to affirm.

Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded by his assertions of error. We therefore affirm.

{2} Because the pertinent background information has previously been sent forth, we will avoid undue reiteration here, and focus instead on the content of the memorandum in opposition.

{3} Defendant renews his argument that the district court erred in failing to conduct another sentencing hearing, contending that the district court "abdicated its duty," violated his right to allocution, and failed to consider mitigating circumstances. [MIO 1-5] However, this argument ignores the fact that Defendant had a full opportunity to present to the district court on any and all relevant matters in the course of the "extensive amenability hearing" [RP 85] and the original sentencing hearing, in association with which a presentence report was prepared, a sentencing memorandum was submitted reflecting Defendant's position, and testimony and other evidence was presented and duly considered. [RP 86] [RP 64-72, 76-84] We are therefore unpersuaded that Defendant's due process rights were violated.

{4} We understand Defendant to suggest that he is entitled to a second bite at the proverbial apple, in light of the success of his challenge to his convictions for aggravated battery with a deadly weapon. However, as we previously observed, our recognition of the double jeopardy violation did not necessitate an entirely new

sentencing hearing. To the contrary, as our New Mexico Supreme Court has clearly stated, "[v]acating a conviction is the judicially created remedy to avoid multiple punishments in violation of the constitutional proscription against double jeopardy." *Montoya v. Driggers*, 2014-NMSC-009, ¶ 8, 320 P.3d 987. Accordingly, the district court's election to simply vacate the convictions for the lesser included offenses supplied the appropriate remedy for the double jeopardy violation.

{5} Defendant also renews his argument that the district court should have permitted him to withdraw his plea. [MIO 6-7] He relies on general authority to the effect that a plea agreement must stand or fall as a unit. [MIO 6-7] Although generally this is so, we have previously observed that a defendant may not retract a plea entered pursuant to an agreement where misinformation about the sentence exposure did not prejudice him. *See State v. Jonathan B.*, 1998-NMSC-003, ¶¶ 17-18, 124 N.M. 620, 954 P.2d 52. In this case, insofar as the successful appeal had the effect of diminishing Defendant's sentencing exposure, such that he received greater benefit from the plea agreement than he had reason to anticipate, we remain unpersuaded that his plea could be regarded as unknowing or involuntary. *See id.* (affirming an amended sentence, after holding, where misinformation about sentence exposure did not prejudice the defendant, the guilty plea was both knowing and voluntary). We therefore conclude that the district court properly denied his request to withdraw the

3

plea.

{6}    Accordingly, for the reasons stated, we affirm.

{7}    **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**LINDA M. VANZI, Judge**