This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                               **No. A-1-CA-35362**

**DAVID GEE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. W. Shoobridge, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BOHNHOFF, Judge.**

{1} David Gee (Defendant) appeals from the district court's denial of his motion to withdraw his guilty plea to driving while under the influence of intoxicating liquor (DUI). Defendant seeks remand for either imposition of the minimum sentence for a sixth DUI or a re-sentencing at which the State is held to a claimed promise to recommend the minimum sentence. We affirm.

**BACKGROUND**

{2} Among other crimes, Defendant was charged with DUI as a special third degree felony, pursuant to NMSA 1978, Section 66-8-102(I) (2016). On November 19, 2015, defense counsel solicited a plea offer from the prosecutor. On November 20, 2015, the prosecutor responded by offering in an email sent to defense counsel a proposed plea to DUI, sixth offense, a third degree felony; in exchange, the State would agree to recommend the mandatory minimum amount of incarceration. (The number of prior DUIs affects the range of possible incarceration lengths.)

{3} The record does not reflect that defense counsel ever responded to the prosecutor's November 20, 2015 email. However, at the pre-trial conference on November 23, 2015, defense counsel stated that Defendant wished to plead guilty to DUI on the date he was arrested, but that he contested the number of prior DUIs claimed by the State and demanded that they be proven. The district court and parties agreed to hold a plea hearing the following day. Thus, it is clear that the Defendant did not accept, and on the contrary rejected, the State's November 20, 2015 plea offer.

**{4}** At the beginning of the November 24, 2015 plea hearing, counsel and the district court discussed the status of Defendant's plea. Defense counsel reiterated Defendant's willingness to plead guilty to driving under the influence of alcohol on the day he was arrested, but that he contested the number of prior DUIs. The prosecutor concurred with this statement, and the district court confirmed its understanding that Defendant would plead guilty to the act of driving under the influence but that the number of prior DUIs would remain to be resolved. The hearing was recessed for defense counsel to confer with Defendant. When the hearing reconvened, the district court questioned Defendant about his understanding of the plea agreement: the court confirmed that Defendant understood the maximum sentence for a third degree felony DUI, and that the number of Defendant's prior DUIs would be resolved at a later hearing. Defendant signed and the district court approved the plea agreement with that understanding. The plea agreement stated that the maximum sentence that the district court could impose for the DUI conviction was thirty months and that there were no agreements—which would include an agreement as to the sentence recommended by the State.

**{5}** On December 3, 2015, the district court heard argument from counsel about the question of establishing the number of prior DUI convictions for purposes of determining whether Defendant would be convicted of a third degree felony or lesser crime, and thus the range of possible incarceration length. There was no disagreement

over the fact of the prior convictions, all in Texas, and instead the argument focused on whether the three convictions in question could be counted for purposes of determining whether Defendant would be pleading to a third degree felony. At the conclusion of the hearing, the district court stated that it wished to review the Texas judgments and case law, and took the matter under advisement. By order entered on December 7, 2015, the district court concluded that all three convictions would be counted as prior DUIs.

{6} The district court held a sentencing hearing on December 16, 2015. The parties agreed that, in addition to the three contested prior DUIs, Defendant had two additional, undisputed DUIs; therefore, based on the court's December 7, 2015 ruling, Defendant was pleading guilty to a sixth DUI, a third degree felony. In response to the district court's inquiry, the State advised that it was requesting the maximum sentence for a sixth DUI. At that point defense counsel asked that Defendant be allowed to withdraw his plea and simply go to trial. The grounds for defense counsel's request was that the usual reason for a plea was that the State would recommend either decreasing the level of the DUI conviction or the mandatory minimum sentence. Defendant asked, in the alternative, to be sentenced to the mandatory minimum based on Defendant's admission of guilt and acceptance of responsibility and his belief that by pleading guilty he would receive the minimum sentence. The district court, relying on the language in the plea agreement stating there was no sentencing agreement and

4

its previous questioning of Defendant to confirm that he understood that fact, sentenced Defendant to the statutory maximum sentence for a sixth DUI. Other than arguing it is standard practice to impose less than the maximum sentence where a defendant enters a plea, defense counsel did not advise the district court that the State had agreed to recommend that Defendant receive the minimum sentence. Instead, defense counsel referred only to a usual practice of doing so in exchange for a plea.

**DISCUSSION**

{7}     "A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, and we review the trial court's denial of such a motion only for abuse of discretion." *State v. Jonathan B.*, 1998-NMSC-003, ¶ 7, 124 N.M. 620, 954 P.2d 52. Where the state breaches a promise it makes as part of a plea agreement, the promise must be fulfilled and the defendant is entitled to either withdraw the plea or to have the state fulfill its promise and be re-sentenced by a different judge. *State v. Pieri*, 2009-NMSC-019, ¶¶ 15-18, 146 N.M. 155, 207 P.3d 1132. However, a defendant is barred from challenging a plea bargain when the defendant fails to disclose, upon questioning at the plea proceeding, his understanding of any promises made regarding the disposition. *State v. Lord*, 1977-NMCA-139, ¶ 11, 91 N.M. 353, 573 P.2d 1208.

{8}     Given these standards, there are two flaws in Defendant's argument. First, our review of the record reveals that the State did not breach a promise. The State's November 20, 2015 offer to recommend the minimum sentence was contingent upon

5

Defendant agreeing to plead guilty to a third degree felony predicated upon five prior DUIs. Defendant refused to do this and as a result the offer effectively lapsed. Moreover, at the November 23, 2015 pretrial conference, Defendant demanded that the prior DUIs be proven, thus affirmatively rejecting the State's offer.

{9} Second, even assuming the State had agreed to recommend the minimum sentence without first obtaining Defendant's agreement to plead to the third degree felony, Defendant failed to bring the State's promise to the attention of the district court. As Defendant acknowledges in his brief in chief, trial counsel referred only generally to the "standard practice to impose less than the maximum penalty for people who enter standard plea agreements in lieu of a trial." Defendant does not explain how the general reference to "standard practice" amounts to a disclosure to the district court of Defendant's understanding of the plea, or of the existence of any promise by the State to recommend a particular sentence, especially in light of Defendant's previous affirmation that he understood the range of potential sentences. We therefore conclude that Defendant failed to disclose any promise by the State to recommend the minimum sentence, and Defendant may not challenge the plea on that basis now.

{10} Defendant argues that, even though he failed to alert the district court to his understanding of a promise by the State and his ground for withdrawal of his plea

therefore is arguably not properly preserved, this Court should review his claim for fundamental error. The doctrine of fundamental error recognizes that,

> [t]here exists in every court an inherent power to see that a man's fundamental rights are protected in every case. Where a man's fundamental rights have been violated, while he may be precluded by the terms of the statute or the rules of appellate procedure from insisting in this court upon relief from the same, this court has the power, in its discretion, to relieve him and to see that injustice is not done.

*State v. Cunningham*, 2000-NMSC-009, ¶ 12, 128 N.M. 711, 998 P.2d 176 (alteration, internal quotation marks, and citation omitted). "[T]his Court should exercise this discretion very guardedly, and only where some fundamental right has been invaded, and never in aid of strictly legal, technical, or unsubstantial claims[.]" *Id.* (internal quotation marks and citation omitted). Defendant does not cite, and we are otherwise not aware of, any case law that applies the fundamental error doctrine where a defendant wholly fails to alert the district court to a promise by the State. We decline to extend the doctrine in that manner, particularly, if not more fundamentally, where the record reflects that Defendant refused to provide the consideration upon which the State conditioned its promise. *See Lord*, 1977-NMCA-139, ¶ 11; *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating an appellate court will not consider an issue if no authority is cited in support of the issue, as absent cited authority to support an argument, we assume no such authority exists.).

7

{11} Defendant asserts for the first time in his reply brief that his trial counsel's failure to alert the district court to an unwritten sentencing promise by the State amounts to ineffective assistance of counsel. A claim of ineffective assistance of counsel may be raised for the first time on appeal. *See State v. White*, 1984-NMCA-033, ¶ 3, 101 N.M. 310, 681 P.2d 736. However, Rule 12-318(C) NMRA provides that a reply brief "shall reply only to arguments or authorities presented in the answer brief." *See also State v. Fairweather*, 1993-NMSC-065, ¶ 32, 116 N.M. 456, 863 P.2d 1077 (noting that an appellate court will not address issues raised for the first time in a reply brief). Therefore, we decline to consider this argument.

{12} In any event, our Supreme Court has expressed a preference that ineffective assistance of counsel claims be adjudicated in habeas corpus proceedings, rather than on direct appeal. *See Duncan v. Kerby*, 1993-NMSC-011, ¶ 4, 115 N.M. 344, 851 P.2d 466; *see also State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494. "This preference stems from a concern that the record before the [district] court may not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness." *State v. Schoonmaker*, 2008-NMSC-010, ¶ 31, 143 N.M. 373, 176 P.3d 1105 (internal quotation marks and citation omitted), *overruled on other grounds by State v. Consaul*, 2014-NMSC-030, ¶ 38, 332 P.3d 850. Defendant acknowledges the record is not sufficiently developed to establish a prima facie case

of ineffective assistance of counsel. Defendant therefore must pursue the his claim for ineffective assistance, if at all, in a collateral proceeding. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845; *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel"); *see also State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 ("A record on appeal that provides a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus[.]").

**CONCLUSION**

{13}    The district court did not abuse its discretion in denying Defendant's motion to withdraw his guilty plea. Accordingly, we affirm.

{14}    **IT IS SO ORDERED.**


_____
**HENRY M. BOHNHOFF, Judge**


**WE CONCUR:**

_____

**STEPHEN G. FRENCH, Judge**


_____

**EMIL J. KIEHNE, Judge**