This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                             **NO. A-1-CA-35867**

**STEPHEN MALOUFF,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

L. Helen Bennett, P.C.
Linda Helen Bennett
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1}     Defendant Stephen Malouff appeals the district court's dismissal of his appeal

from a magistrate court conviction entered following a no-contest plea. [MIO 1-3]

That dismissal was based upon the district court's conclusion that, because the original plea was knowingly, intelligently, and voluntarily entered, Defendant had waived his right to appeal. [MIO 6; RP 63] This Court issued a calendar notice proposing to affirm the dismissal and Defendant has filed a memorandum in opposition to that disposition. Having duly considered Defendant's arguments, we remain unpersuaded and affirm.

{2}     The central issue surrounding the validity of Defendant's plea agreement arose from the fact that Defendant asserts that the State made oral promises as part of the plea agreement, in particular, promising to support his immediate release from jail. [MIO 2; RP 33] In response to Defendant's assertion that the State's failure to honor its promises should allow him to withdraw the plea [MIO 2-3], the district court held a hearing at which evidence was introduced regarding the negotiations leading up to the plea agreement at issue [MIO 4-5].

{3}     This Court reviews the denial of a motion to withdraw a plea solely for abuse of discretion. *State v. Carlos*, 2006-NMCA-141, ¶ 9, 140 N.M. 688, 147 P.3d 897. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *State v. Rojo*, 1999–NMSC–001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted). Further, in

addressing the facts, we must grant "all reasonable inferences in support of the trial court's decision." *State v. Roybal*, 1992 -NMCA- 114, ¶5, 115 N.M. 27, 846 P.2d 333.

{4}     Defendant attempted to show that his plea was not knowingly, intelligently, and voluntarily entered by way of evidence that he—and his plea counsel—understood the plea agreement to require that the State not oppose his immediate release from jail. [MIO 4-5] The attorney who represented the State in plea negotiations acknowledged that Defendant would "have a shot" at immediate release upon acceptance of the plea, and also testified that "he would not have made any promises about sentencing," but that he had agreed "he would not oppose a suspended sentence and unsupervised probation running concurrently." [MIO 5-6] All parties agree that there are no written terms in the agreement addressing Defendant's immediate release, and Defendant was not, in fact, released upon the district court's acceptance of his plea. [MIO 4] In part, that outcome resulted from the State's concerns, raised following the plea colloquy, regarding whether there were other charges against Defendant, who was ultimately held for another two weeks. [Id.]

{5}     On the basis of that evidence, the district court found that Defendant knowingly, intelligently, and voluntarily entered the plea agreement. [RP 63] In support of his assertion that the district court abused its discretion, Defendant directs our attention to the court's written conclusion that "[t]he State does not have a higher obligation

than defense counsel to bring an agreement to the sentencing judge." [Id.; MIO 6] Defendant points out that prosecutors occupy a unique position in our criminal justice system, imposing on them a duty to see that justice is done. [MIO 8] Thus, Defendant asserts that the State should actually "have a higher obligation than defense counsel to bring all relevant terms of a plea agreement to the sentencing judge." [MIO 8] And on that basis, Defendant argues this Court should indulge a presumption in favor of "requiring that the matter return to the district court for trial." [MIO 10]

{6} The question raised by Defendant's motion to withdraw his plea, however, was simply whether Defendant had met his burden of proving that the plea was anything other than knowingly, intelligently, and voluntarily made. *See State v. Lucero*, 1981-NMCA-143, ¶¶ 28-29, 97 N.M. 346, 639 P.2d 1200 (discussing plea requirements). And the question before this Court is whether the district court abused its discretion by answering that question in the negative. Under the circumstances of this case, we cannot say that the district court abused its discretion. With regard to the terms of a plea agreement, a promise by the State not to oppose immediate release can be included in the written agreement. Reducing all terms of the plea agreement to writing removes any doubt about whether such terms were actually agreed upon and, in this case, whether the State breached a term of the agreement.

4

**{7}** Instead, the sentencing court was unaware of any such agreement and neither party brought the issue to the attention of the court. And, while it is true that prosecutors bear a special responsibility to ensure procedural justice, it is also true that the procedural device intended to protect a defendant's rights in connection with plea agreements is the plea colloquy. The colloquy and surrounding procedures provide defendants with an opportunity to make clear their understanding of any agreement reached with the State. And the failure of a defendant and his or her counsel to disclose such understanding with regard to promises made by the State significantly impedes any future enforcement of such promises. *See State v. Lord*, 1977-NMCA-139, ¶ 11, 91 N.M. 353, 573 P.2d 1208 (holding that a failure to disclose the details of a plea bargain at the time of inquiry "waived the claim of an unkept promise by the State").

**{8}** With regard to the district court's conclusion regarding the ability of either party to inform the sentencing court of the terms of a plea agreement [RP 63], we do not read that conclusion—as Defendant suggests—as an acknowledgment that an oral agreement existed [MIO 7]. Rather, we understand that conclusion to be an assessment of the state of the evidence before the court: because neither party brought any such agreement to the attention of the sentencing court, there remains doubt about the

5

existence of such an agreement. And, in the context of his motion to withdraw his plea, Defendant bore the burden of establishing that such an agreement existed.

{9}     Ultimately, we conclude that the district court did not abuse its discretion with regard to the questions of what terms were actually a part of the plea agreement, whether the State violated any of those terms, and whether Defendant knowingly, intelligently, and voluntarily entered the plea agreement. According, we affirm the district court's order of dismissal.

{10}     **IT IS SO ORDERED.**


_____

**LINDA M. VANZI, Chief Judge**


**WE CONCUR:**


_____

**MICHAEL E. VIGIL, Judge**


_____

**HENRY M. BOHNHOFF, Judge**